UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HORTENSIA C. FREEMAN,                 )      No. CV 08-2837-RC
                                      )
          Plaintiff,                  )
                                      )      OPINION AND ORDER
     v.                               )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
          Defendant.                  )
_____)

     Plaintiff Hortensia C. Freeman filed a complaint on May 8, 2008, seeking review of the Commissioner's decision denying her applications for disability benefits, and on October 22, 2008, the Commissioner answered the complaint.  The parties filed a joint stipulation on December 5, 2008.


                         **BACKGROUND**

                              I

     On February 2, 2006, plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability to work since March 23, 2005, due to severe headaches, dizziness, hypertension, and right leg problems.

Certified Administrative Record ("A.R.") 108-16, 148.  The plaintiff's
applications were initially denied on August 30, 2006.  A.R. 53-57.
The plaintiff then requested an administrative hearing, which was held
before Administrative Law Judge Ariel L. Sotolongo ("the ALJ") on
November 1, 2007.  A.R. 25-51, 62-63.  On January 15, 2008, the ALJ
issued a decision finding plaintiff is not disabled.  A.R. 8-20.  The
plaintiff appealed this decision to the Appeals Council, which denied
review on March 28, 2008.  A.R. 3-7.


                                II

     The plaintiff, who was born on February 11, 1956, is currently 53
years old.  A.R. 29, 108, 113.  She has a college degree, and
previously worked as a bus driver.  A.R. 29, 135-42, 148-50, 176.


                            DISCUSSION
                                III

     The Court, pursuant to 42 U.S.C. § 405(g), has the authority to
review the Commissioner's decision denying disability benefits to
plaintiff to determine whether the Commissioner's findings are
supported by substantial evidence and whether he used the proper legal
standards in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586,
591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir.
2009).  "In determining whether the Commissioner's findings are
supported by substantial evidence, [this Court] must review the
administrative record as a whole, weighing both the evidence that
supports and the evidence that detracts from the Commissioner's
conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998);
Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the

1  evidence can reasonably support either affirming or reversing the

2  decision, [this Court] may not substitute [its] judgment for that of

3  the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir.

4  2007), cert. denied, 128 S. Ct. 1068 (2008); Vasquez, 572 F.3d at 591.

5

6      The Commissioner has promulgated regulations establishing a five-

7  step sequential evaluation process for the ALJ to follow in a

8  disability case.  20 C.F.R. §§ 404.1520, 416.920.  In the **First Step**,

9  the ALJ must determine whether the claimant is currently engaged in

10 substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).

11 If not, in the **Second Step**, the ALJ must determine whether the

12 claimant has a severe impairment or combination of impairments

13 significantly limiting her from performing basic work activities.

14 20 C.F.R. §§ 404.1520(c), 416.920(c).  If so, in the **Third Step**, the

15 ALJ must determine whether the claimant has an impairment or

16 combination of impairments that meets or equals the requirements of

17 the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P,

18 App. 1.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the **Fourth**

19 **Step**, the ALJ must determine whether the claimant has sufficient

20 residual functional capacity despite the impairment or various limita-

21 tions to perform her past work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

22 If not, in **Step Five**, the burden shifts to the Commissioner to show

23 the claimant can perform other work that exists in significant numbers

24 in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).

25

26     Applying the five-step sequential evaluation process, the ALJ

27 found plaintiff has not engaged in substantial gainful activity since

28 her alleged onset date of March 23, 2005.  (Step One).  The ALJ then

found plaintiff "has the following severe impairments: uterine
fibroids and bleeding; right leg strain; hypertension and obesity";
however, she does not have a severe mental impairment (Step Two).  The
ALJ then found plaintiff does not have an impairment or combination of
impairments that meets or equals a Listing.  (Step Three).  The ALJ
next determined plaintiff is unable to perform her past relevant work.
(Step Four).  Finally, the ALJ determined plaintiff can perform a
significant number of jobs in the national economy; therefore, she is
not disabled.  (Step Five).


**IV**

    "'In Social Security cases, the ALJ has a special duty to fully
and fairly develop the record and to assure that the claimant's
interests are considered.'"  Smolen v. Chater, 80 F.3d 1273, 1288 (9th
Cir. 1996) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063,
1068 (9th Cir. 2006).  This duty exists regardless of whether the
claimant is represented by counsel, Celaya v. Halter, 332 F.3d 1177,
1183 (9th Cir. 2003); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th
Cir. 2001), and it is "heightened where the claimant may be mentally
ill and thus unable to protect her own interests."  Tonapetyan,
242 F.3d at 1150.  "Ambiguous evidence, or the ALJ's own finding that
the record is inadequate to allow for proper evaluation of the
evidence, triggers the ALJ's duty to 'conduct an appropriate
inquiry.'"  Tonapetyan, 242 F.3d at 1150 (citations omitted); Webb v.
Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).


    Here, plaintiff contends the ALJ did not fairly develop the
record because he failed to request a consultative psychiatric

4

examination of plaintiff.  However, the Commissioner "'has broad latitude in ordering a consultative examination[,]'" Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (quoting Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990)), which is required only "when such an evaluation is necessary for [the ALJ] to make an informed decision." Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988).  In other words, for a consultative examination to be required, there must be "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).

The plaintiff contends a psychiatric consultative examination was required because at one time she complained she was "suffering from depression because of [her] pain." A.R. 168.  However, a claimant's "[i]solated and unsupported comments . . . are insufficient" to require a consultative examination. Hawkins, 113 F.3d at 1167. Moreover, plaintiff did not claim she had a mental impairment when applying for disability benefits, A.R. 108-16, 148, nor did she claim any mental health problems during the administrative hearing.[1]

---

[1] Indeed, at the administrative hearing, plaintiff's attorney described plaintiff's disability claim as follows:

> Basically, the [plaintiff's] past work involved work as a bus driver.  She injured her right foot, ankle, [and] leg in doing that kind of work.  She also has low back pain.  She has a couple of other problems too.  She's scheduled for a hysterectomy coming up here in another couple [of] months.  She has hypertension [and] digestive problems referred to as [gastroesophageal

A.R. 25-51.   In fact, no treating or examining physician has diagnosed plaintiff with depression, and the evidence before the ALJ did not suggest plaintiff has a disabling mental impairment.[2]   Therefore, the ALJ did not fail to develop the record by not obtaining a consultative psychiatric examination of plaintiff.   Hawkins, 113 F.3d at 1165; Diaz, 898 F.2d at 778.

The plaintiff also claims the ALJ failed to properly develop the record regarding the pain medications she was prescribed at Southern California Pain Management Center ("SCPMC"),[3] which "make[] [her] groggy and sleepy during the day[,]"[4] A.R. 30, and because the ALJ did

reflux disease].   So, she has other problems, but her main problem is what's been referred to as regional pain complex or complex regional pain syndrome I should say in the right leg and low back or spinal column disorder.   She is due for a spinal cord stimulator to be placed soon, and basically those impairments result in pain, fatigue, swelling, difficulty sleeping at night, and keep her from being able to sustain even sedentary work.

A.R. 28.

[2]   Plaintiff points to absolutely no medical evidence supporting her claim of depression, and the record does not show any mental health care after March 23, 2005, the date of plaintiff's alleged onset of disability.

[3]   The most recent medical record from SCPMC, dated March 2, 2006, states plaintiff "has been off medications for about 1 year[.]"   A.R. 177.

[4]   The ALJ, however, rejected plaintiff's claim of side effects from the medications she used to take, finding it was not credible since it was not supported by the record.   A.R. 18. Since plaintiff has not challenged the ALJ's adverse credibility determination, this finding provides a sufficient basis to reject plaintiff's testimony regarding the side effects from her medications.   See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir.

1  not obtain updated medical records from SCPMC.  Jt. Stip. at 8:13-

2  9:15, 11:22-12:19, 13:18-20.  However, these claims are without merit

3  since the ALJ specifically left the administrative record open for

4  plaintiff to obtain updated records from SCPMC, A.R. 50-51, but she

5  failed to do so.  Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999).

6

7                              V

8       When there is a colorable claim of a mental impairment, agency

9  regulations require the ALJ to rate as being either none, mild,

10 moderate, marked, or extreme the claimant's functional limitations in

11 the areas of daily activities, social functioning, and concentration,

12 persistence or pace and also rate as either none, one or two, three,

13 or four or more the claimant's episodes of decompensation, and such

14 ratings must be included in the ALJ's written decision.[5]  Behn v.

15 _____

16 2002) (ALJ properly rejected claimant's alleged side effects,
   including dizziness and difficulties in concentration, based on a
17 finding plaintiff lacked credibility).  Therefore, any possible
   error stemming from the ALJ not discussing the medications was
18 harmless.

19
        [5]  The Commissioner has supplemented the five-step
20 sequential evaluation process with additional regulations
   addressing colorable mental impairments.  Maier v. Comm'r of the
21 Soc. Sec. Admin., 154 F.3d 913, 914 (9th Cir. 1998) (per curiam).
   First, the ALJ must determine the presence or absence of certain
22 medical findings relevant to the ability to work.  20 C.F.R.
   §§ 404.1520a(b)(1), 416.920a(b)(1).  Second, when the claimant
23 establishes these medical findings, the ALJ must rate the degree
   of functional loss resulting from the impairment by considering
24 four areas of function: (a) activities of daily living; (b)
   social functioning; (c) concentration, persistence, or pace; and
25 (d) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(2-4),
   416.920a(c)(2-4).  Third, after rating the degree of loss, the
26 ALJ must determine whether the claimant has a severe mental
27 impairment.  20 C.F.R. §§ 404.1520a(d), 416.920a(d).  Fourth,
28 when a mental impairment is found to be severe, the ALJ must

                                7

1  <u>Barnhart</u>, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006); 20 C.F.R.

2  §§ 404.1520a(c)(3-4), (e)(2), 416.920a(c) (3-4), (e)(2).  A claim is

3  "colorable" if it is not "wholly insubstantial, immaterial, or

4  frivolous."  <u>Rolen v. Barnhart</u>, 273 F.3d 1189, 1191 (9th Cir. 2001)

5  (citations omitted), <u>cert.</u> <u>denied</u>, 537 U.S. 818 (2002); <u>Cassim v.</u>

6  <u>Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987); <u>Behn</u>, 463 F. Supp. 2d at

7  1047.  Here, as set forth above, there is no competent evidence

8  showing that plaintiff, since her alleged onset date of March 23,

9  2005, has a mental impairment that affects her ability to perform

10  basic work activities.  Thus, plaintiff's claim of a mental impairment

11  is not colorable, and the ALJ did not improperly assess her mental

12  condition.  <u>Salerno v. Astrue</u>, 266 Fed. Appx. 570, 573 (9th Cir. 2008)

13  (Unpublished Disposition).[6]

14

15                                   **ORDER**

16      IT IS ORDERED that: (1) plaintiff's request for relief is denied;

17  and (2) the Commissioner's decision is affirmed, and Judgment shall be

18  entered in favor of defendant.

19  DATE:  August 20, 2009              /S/ ROSALYN M. CHAPMAN
20                                      ROSALYN M. CHAPMAN
                                        UNITED STATES MAGISTRATE JUDGE

21

22  determine if it meets or equals a Listing.  20 C.F.R. §§
    404.1520a(d)(2), 416.920a(d)(2).  Finally, if a Listing is not
23  met, the ALJ must then make a residual functional capacity
    assessment, and the ALJ's decision "must incorporate the
24  pertinent findings and conclusions" regarding plaintiff's mental
    impairment, including "a specific finding as to the degree of
25  limitation in each of the functional areas described in [§§
    404.1520a(c)(3), 416.920a(c)(3)]."  20 C.F.R. §§ 404.1520a(d)(3),
26  (e)(2), 416.920a(d)(3), (e)(2).
27

28      [6]  <u>See</u> Fed. R. App. P. 32.1(a); Ninth Circuit Rule 36-3(b).